## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

Philip Ray B.,                              )
                                            )
                Plaintiff,           )
                                            )     Case No.: 20-cv-50203
               v.                     )
                                            )     Magistrate Judge Margaret J. Schneider
Kilolo Kijakazi,                            )
Commissioner of Social Security,[1]          )
                                            )
               Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Philip Ray B., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. The parties have filed cross motions for summary judgment [17], [22]. For the reasons set forth below, Plaintiff's motion for summary judgment [17] is granted and the Commissioner's motion for summary judgment [22], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

### BACKGROUND

A.     Procedural History

On August 17, 2016, Philip Ray B. ("Plaintiff") applied for Disability Insurance Benefits. R. 80. This application alleged a disability beginning on November 4, 2015. *Id.* The Social Security Administration ("Commissioner") denied his application on December 30, 2016, and upon reconsideration on May 23, 2017. *Id.* Plaintiff filed a written request for a hearing on July 5, 2017. *Id.* On August 30, 2018, a hearing was held by Administrative Law Judge ("ALJ") Patricia Kendall where Philip Ray B. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, medical expert Gilberto Munoz, M.D., appeared and testified, as did vocational expert Jill Radke. *Id.*

On April 23, 2019, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 80-93. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion for summary judgment [17] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [22].

B.  The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since

---

[1] Kilolo Kijakazi has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

the alleged onset date of November 4, 2015. R. 82. At step two, the ALJ found that Plaintiff had the following severe impairments: questionable reflex sympathetic dystrophy (RSD)/complex regional pain syndrome; opioid dependence; and bipolar disorder. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. R82-83. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 83.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform medium work but with the following limitations: he could never climb ladders, ropes, or scaffolds; could occasionally climb ramps/stairs, stoop crouch, kneel, and crawl; and he should avoid all exposure to use of dangerous moving machinery and unprotected heights. The ALJ further found that Plaintiff's work should be limited to simple, routine, and repetitive tasks. R. 85-91. At step four, the ALJ found that Plaintiff could not perform any past relevant work. R. 91. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including dining room attendant, order picker, and dishwasher. R. 92. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from November 4, 2015, through the date of decision, April 23, 2019. R. 93.

## STANDARD OF REVIEW

The reviewing court examines the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). "'Although this standard is generous, it is not entirely uncritical', and the case must be remanded if the 'decision lacks evidentiary support.'" *Horner v. Berryhill*, No. 17 C 7586, 2018 WL 3920660, at *1 (N.D. Ill. Aug. 16, 2018) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

## DISCUSSION

Plaintiff raises four arguments: 1) the ALJ failed to give the proper weight to Plaintiff's treating physician's opinions; 2) the ALJ's finding of simple, routine, and repetitive tasks fails to incorporate moderate limitations in concentration, persistence, and pace; 3) the ALJ's subjective symptom analysis is not supported by the record; and 4) Plaintiff's tardive dyskinesia was not evaluated with a medium exertional level. The Court finds that the ALJ failed to give the proper weight to the opinions of Plaintiff's treating physician. Therefore, this matter will be remanded for further proceedings. The Court need not address Plaintiff's other arguments for remand.

"For claims filed before March 2017, a treating physician's opinion on the nature and severity of a medical condition is entitled to controlling weight if it is well-supported by medical findings and consistent with substantial evidence in the record." *Johnson v. Berryhill*, 745 F. App'x 247, 250 (7th Cir. 2018) (citing 20 C.F.R. 404.1527(c)(2)). The treating physician rule has been described as a two-step process. *See Wallace v. Colvin*, 193 F. Supp. 3d 939, 946 (N.D. Ill. 2016). First, the ALJ must determine whether to give the treating physician's opinion "controlling weight," by evaluating if the opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739

(7th Cir. 2011). If the ALJ decides not to give controlling weight to a treating physician's opinion, then she must proceed to the second step and evaluate certain checklist factors to determine the amount of weight to give the opinion. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009). These factors include: examining relationship; treatment relationship (length and nature of treatment relationship and frequently of examination, as well as nature and extent of the treatment relationship); supportability; consistency; specialization; and other factors. 20 C.F.R. § 404.1527(c). While the Court "will not vacate or reverse an ALJ's decision based solely on a failure to expressly list every checklist factor, we do expect the ALJ to analyze the treating source's medical opinion within the multifactor framework delineated in the regulation." *Ray v. Saul*, 861 F. App'x 102, 105 (7th Cir. 2021) (internal citation omitted). A treating physician has "greater familiarity with the claimant's condition and circumstances," such that an ALJ may only discount a treating physician's opinions based on good reasons "supported by substantial evidence in the record." *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

In assessing Dr. Thornton's opinion under the first step of the treating physician rule, the ALJ specifically focused on Dr. Thornton's May 16, 2016, treatment record which indicated: "At this point Philip is totally disabled and not able to work; his pain is incapacitating." R. 373/90. The ALJ further detailed Dr. Thornton's treatment notes from this date by recounting that the treatment plan included gradually weaning Plaintiff off narcotics "in spite of increased pain," ordering a CT scan "to see if there is a treatable cause of the pain," and considering physical therapy, massage therapy, and counseling, to assist Plaintiff with his pain. *Id*. Additionally, the ALJ stated that this May 16, 2016, treatment note indicated that Plaintiff had a normal gait "sufficient for exercise testing and/or participat[ing] in exercise program" and that the only abnormalities were "pain with internal rotation of the left hip and resting tremor." R. 90. Prior to the ALJ's conclusions regarding Dr. Thornton's opinion, the ALJ also acknowledged some of Dr. Thornton's other observations including his recommendation to Plaintiff to seek chiropractic care and pain clinics; his consistent plan for Plaintiff to cut down on his narcotic use; and his frequent full range of motion. R. 86-87. In her conclusion, the ALJ stated she gave Dr. Thornton's opinion "little weight":

> I do not give Dr. Thornton's conclusory opinion controlling weight because it is not well-supported by clinical or laboratory diagnostic techniques and is inconsistent with the other substantial evidence of record, including his own treatment notes from that date. Moreover, Dr. Thornton's opinion is conclusory in that it lacks specific explanation of the physical findings and medical signs that make claimant unable to work or the pain incapacitating. Rather, this statement appears to be based solely on claimant's subjective complaints.

R. 90-91.

It is well settled that whether a doctor's opinion is consistent with the medical record is an important factor in determining whether a treating source's opinion is entitled to controlling weight. *See, e.g.*, *Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020). However, when an ALJ relies primarily on just one part of the record, it is difficult to determine whether the ALJ has undergone the proper analysis. Here, the ALJ's failure to consider the entirety of Dr. Thornton's notes in her conclusion was improper. As the Seventh Circuit has noted, the ALJ may not fixate on select portions of a treating physician's notes while disregarding more significant evidence. *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018) (finding that the ALJ "cherry-picked" the treating physician's treatment notes about mood and affect while disregarding his diagnoses.). The relevant portions of the medical records show that Dr. Thornton treated Plaintiff consistently for pain and pain management. As the Seventh Circuit has acknowledged, "[p]ain is always subjective." *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004). "'A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id*. at 753 (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Circ.

1995)).

Here, the records shows that Plaintiff had been experiencing abdominal pain and pain in his left hip as early as 2014. R. 76-78. He was prescribed Oxycodone, Methadone, and Fentanyl to help control his pain. *Id.* Over time, the medical plan included a reduction in the narcotics. Plaintiff was treated for pain and his pain medications were consistently monitored. R. 365-439. In April of 2017, Dr. Thornton noted that Plaintiff continued to complain of chronic, constant, and breakthrough pain. R. 542-43. While Plaintiff reported using medical marijuana, it was only the narcotics that would help control the pain. R. 543. Despite this, Plaintiff reported being committed to working toward decreasing the dose of narcotics. *Id.* In August of 2017, Plaintiff reported he was trying to restart his woodworking hobby and that on the "rare" good day, he would go out and work on refinishing furniture. R. 549. He continued to try to reduce the dosage of his narcotics. R. 547-551. Several months later, Plaintiff reported to Dr. Thornton that he was experiencing significant problems with his medication reduction plan – including muscle jerks and difficulty sleeping. R. 554. He further reported continued severe pain in his left hip area. R. 556. At his December 2017 follow-up with Dr. Thornton, Plaintiff reported being in a "crisis situation" following an adverse reaction to one of his medications, high anxiety levels, pain crisis causing him to "roll on the floor and be inconsolable for anywhere between 30 and 60 minutes," unbearable pain, and inability to function or sleep well. R. 559. Plaintiff was hospitalized following this visit. R. 563-567. In March of 2018, Plaintiff reported being unable to attend his daughter's wedding in Texas and his mother-in-law's funeral in Illinois due to his anxiety and pain. R. 569. He further reported remaining committed to decreasing the dosages of his narcotic pain medication. R. 571. In June of 2018, Plaintiff again saw Dr. Thornton and reported he remained in pain but was slowly improving. R. 574. He told Dr. Thornton he was unable to exercise due to lack of strength but was regaining some energy. *Id.*

As noted above, the ALJ focused on Dr. Thornton's May 16, 2016, treatment notes which opined that Plaintiff was "totally disabled and unable to work." The ALJ, in her opinion, stated that "whether a claimant is disabled or unable to work are not medical opinions, but are administrative findings reserved to the Commissioner. Such statements deserve no special consideration or controlling weight. Given that the physical evidence lacks documentation of significant clinical signs and findings and the conclusory nature of the statement, I give this opinion little weight." R. 91.[2] However, because the ALJ ignored additional medical evidence that arguably supported Dr. Thornton's opinion without explanation, the Court finds that the ALJ committed error at step one of the treating physician rule.

The Court also finds that the ALJ did not address the majority of the factors outlined in 20 C.F.R. § 404.1527, which are to be addressed at step two of the treating physician analysis. The Commissioner responds that an ALJ's decision should be upheld where it is supported by substantial evidence and the decision is clear that that ALJ "was aware of and considered many of the factors" under § 404.1527(c). *Schreiber v. Colvin*, 519 F.App'x 951, 959 (7th Cir. 2013); *Collins v. Berryhill*, 743 F. App'x 21, 25 (7th Cir. 2018). However, here the ALJ's analysis was too cursory, as it only addressed one of the checklist factors briefly. The ALJ did mention the length of treatment, noting that Dr. Thornton had been Plaintiff's primary care physician "for a long time." R. 86 (in his reply brief, Plaintiff states Dr. Thornton had been treating him since 1986), but she failed to discuss how she factored this into her analysis of the weight to give Dr. Thornton's opinion. A proper examination of the checklist factors (such as the nature and extent of the treatment relationship, the frequency of examination, and the consistency and supportability of Dr. Thornton's opinion), may have supported giving Dr. Thornton's opinion greater or less weight. As noted above, an ALJ may only discount a treating physician's opinions based on good reasons "supported by substantial evidence in the record." *Campbell*, 627 F.3d at 306. On remand, if the ALJ properly determines

---

[2] For clarification, the regulation states: "a statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled…[therefore,] [w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1), (3).

that Dr. Thornton's opinion does not deserve controlling weight at step one, then the ALJ must support this finding with substantial evidence.

Because the Court is remanding the ALJ's decision for a lack of proper analysis as to the treating physician rule, the Court need not address Plaintiff's additional arguments.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [17], is granted, the Commissioner's motion [22], is denied, and the decision of the ALJ is reversed and remanded.

Date: 04/21/2023                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

5